UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:15-cr-00272-DAD-BAM |
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANT'S POST-SENTENCING MOTION FOR TEMPORARY RELEASE |
| EDMOND HORMOZI, | |
| Defendant. | |

On February 18, 2020, defendant Edwin Hormozi was sentenced by this court to the custody of the U.S. Bureau of Prisons (BOP) for concurrent terms of imprisonment of 126 months following his conviction at jury trial of conspiracy to distribute and possess with the intent to distribute methamphetamine and distribution of methamphetamine as charged in Counts One, Two and Three of the indictment. (Doc. Nos. 197, 199, 220 and 224.) On February 20, 2020 defendant Hormozi filed a notice of appeal and his appeal was processed to the Ninth Circuit. (Doc. Nos. 226, 227.)

Earlier today, defendant Hormozi's appellate counsel filed with this court a Motion For Order For The Temporary Release Of Federal Prisoner To Attend Family Member's Funeral. (Doc. No. 282.) In that motion, counsel on behalf of defendant Hormozi seek his temporary

/////

1

release on July 17, 2020, from the Lerdo Justice Facility[1] located in Kern County and for his transport to Turlock, CA for the funeral of his brother who, unfortunately, passed away on July 10. (*Id*. at 4.)  Defendant's counsel explains that in light of defendant's emotional problems, being allowed to attend his brother's funeral and have contact with his family is particularly important to defendant's well-being and that his record while on pretrial release in this case establishes that he poses no flight risk or danger if the motion were granted. (*Id*.)

Defendant's motion, however, contains no citation to authority in support of his request for temporary release.  Because defendant Hormozi has already been sentenced to the custody of the BOP, the statute authorizing courts to grant temporary release of defendants awaiting trial or sentencing –18 U.S.C. § 3142(i) – does not apply.  *See United States v. Hernandez*, 18 Cr. 834 (PAE), 2020 WL 1445851, at *1 (S.D. N.Y. Mar. 25, 2020).  Rather, the provision that applies to sentenced prisoners such as defendant Hormozi appears to be 18 U.S.C. § 3622(a)(2) which provides as follows:

> *The Bureau of Prisons may* release a prisoner from the place of his imprisonment for a limited period if such release appears to be consistent with the purpose for which the sentence was imposed and any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2), if such release otherwise appears to be consistent with the public interest and if there is reasonable cause to believe that a prisoner will honor the trust to be imposed in him, by authorizing him, under prescribed conditions, to--
>
> (a) visit a designated place for a period not to exceed thirty days, and then return to the same or another facility, for the purpose of--
>
> (1) visiting a relative who is dying;
>
> (2) attending a funeral of a relative . . . .

(emphasis added); *see also Hernandez*, 2020 WL 1445851, at *1.  This statute, on its face, does not authorize the court to grant the relief requested in the pending motion and defendant has cited no authority suggesting that the court, in fact, has such authority.

/////

---

[1] As noted, defendant Hormozi was sentence to the custody of the BOP back on February 18, 2020.  Although not addressed in the pending motion, the court assumes that due to issues arising from the COVID 19 pandemic, defendant Hormozi has not yet been transported to a BOP facility and remains in confinement in Kern County.

2

## CONCLUSION

The court is sympathetic to defendant Hormozi's request to be allowed to attend his brother's funeral. However, in the absence of both supporting authority and a suitable proposed temporary release plan, the motion for temporary release (Doc. No. 282) is denied.[2]

IT IS SO ORDERED.

Dated: **July 15, 2020**

UNITED STATES DISTRICT JUDGE

---

[2] Were the court authorized to grant the requested relief, which it believes it is not, it would acknowledge that defendant Hormozi was under Pretrial Services supervision for four years and one month without incident. He remained in complete compliance with the terms and conditions of his release during that time and was remanded into custody at the time of his conviction only because the Mandatory Detention Act required it. However, the court also notes that defendant's counsel has not proposed any adequate conditions in connection with the proposed temporary release. Rather, it appears that counsel is requesting that BOP or Kern County personnel transport the defendant to Turlock for the funeral and return him to the Lerdo Justice facility thereafter. (Doc. No. 282 at 4) ("ordering the Commanding Officer at the Kern County Lerdo Justice Facility . . . to temporarily release Prisoner/Defendant . . . from custody and to transport Prisoner/Defendant . . . to the Turlock Funeral Home.") This is almost certainly unacceptable. Moreover, the pending motion also does not propose a third party custodian for defendant while on temporary release or a time for his return into custody. Thus, even if the court had the authority to grant the motion, it would not.