UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent,<br><br>v.<br><br>EDMOND HORMOZI,<br><br>Defendant-Petitioner. | No. 1:15-cr-00272-DAD-BAM<br><br>ORDER GRANTING IN PART AND DENYING IN PART *EX PARTE* APPLICATION REGARDING ORDER OF WAIVER OF ATTORNEY-CLIENT PRIVILEGE<br><br>(Doc. No. 344) |

Before the court is the government's *ex parte* application seeking an order finding that petitioner Edmond Hormozi, as a result of his pending motion filed pursuant to 28 U.S.C. § 2255 (Doc. No. 339), has waived the attorney-client privilege, and that the government is therefore entitled to compel discovery of responsive attorney-client communications.  (Doc. No. 344.)

Unless, in accordance with the instructions below, petitioner chooses to withdraw those portions of his § 2255 motion in which he alleges that he received ineffective assistance from his trial counsel, the government's application will be granted in part and denied in part as follows:

(1) The attorney-client privilege of petitioner Hormozi is waived with respect to all communications between petitioner Hormozi and his former attorneys, Preciliano Martinez, John Garland, Arturo Hernandez, and their staff and agents, concerning events and facts related to petitioner's claims of ineffective assistance of counsel

1

asserted in petitioner's § 2255 motion filed in *United States v. Edmond Hormozi*, No. 1:15-cr-00272-DAD-BAM (E.D. Cal.).

(1) Attorneys Preciliano Martinez, John Garland, Arturo Hernandez, and their staff and agents if relevant, may provide the government with a declaration addressing attorney-client communications concerning events and facts related to the ineffective assistance of counsel claims presented in petitioner's § 2255 motion, and may communicate with government counsel to ensure that all issues are adequately addressed in any such declaration.

(2) To the extent the government's request is broader than this order, including its request for production of "all communications" between the aforementioned attorneys and petitioner "with respect to the allegations in his § 2255 motion" (Doc. No. 344 at 5), the government's request is denied without prejudice, subject to renewal by motion providing further information as to the necessity of the production of such documents.

(3) The government shall not use for any purpose or disclose to any party or in any proceeding beyond this action the privileged material it obtains in connection with the pending § 2255 motion proceeding. *See* L*ambright v. Ryan*, 698 F.3d 808, 818 (9th Cir. 2012); *Bittaker v. Woodford*, 331 F.3d 715, 722, 728 (9th Cir. 2003).

Alternatively, if in light of the above finding of the waiver of these privileges, petitioner wishes to no longer proceed with his pending § 2255 motion asserting an ineffective assistance of counsel claim, he must notify this court within twenty-one (21) days from the date of this order by withdrawing the allegations concerning ineffective assistance of counsel in his pending motion. Petitioner's failure to do so within the time provided will be deemed by the court to be a confirmation of the portion of this order finding petitioner's waiver of the attorney client privilege.

Accordingly,

1. The government's *ex parte* application (Doc. No. 344) is granted in part and denied in part;

2. Petitioner, if he chooses to do so, has twenty-one (21) days from the date of this order to notify the court that he no longer wishes to proceed with those portions of his pending § 2255 motion asserting ineffective assistance of counsel claims; and

3. In the event the petitioner indicates he wishes to proceed or does not respond within twenty-one days, this will be deemed by the court to be a confirmation of the portion of this order finding petitioner's waiver of the attorney client and work product privileges.

IT IS SO ORDERED.

Dated: **February 22, 2022**

UNITED STATES DISTRICT JUDGE