1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,                No. 1:15-cr-000272-DAD

12                     Plaintiff,

13          v.                                  ORDER GRANTING DEFENDANT'S
                                                MOTION FOR COMPASSIONATE
14                                              RELEASE IN PART
      EDMOND HORMOZI,
15                                              (Doc. No. 413)
                     Defendant.
16

17

18          Pending before the court is the Amended Motion for Reduction in Sentence pursuant to 18

19   U.S.C. § 3582(c)(1)(A) brought by appointed counsel on behalf of defendant Edmond Hormozi.

20   (Doc. No. 413.)[1]  In the pending motion, defendant Hormozi argues that "extraordinary and

21   compelling" reasons support the reduction of his sentence to time served and his release from

22   confinement.  (*Id*.)  For the reasons explained below, defendant's motion will be granted in part.

23                                       **BACKGROUND**

24          On October 1, 2015, a federal grand jury in the Eastern District of California returned an

25   indictment in this action charging defendant Edmond Hormozi and his two co-defendants with

26   _____

27   [1]  This motion amended superseded defendant Hormozi's previously filed *pro se* motion to reduce
     his sentence as well as his motion for reconsideration of the court's August 10, 2021 order
28   denying his motion for a modification of his sentence under 18 U.S.C. § 3582(c)(1)(A).  (Doc.
     Nos. 339, 345, 406).

                                              1

one count of conspiracy to distribute and possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 846 and 841(a)(1) (count one); two counts of distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) (counts two and three); and one count of attempt to distribute oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and 846 (count four).[2]  (Doc. No. 19.)  On October 31, 2019, following a three-day jury trial, defendant Hormozi was found guilty on counts one, two, and three of the indictment.  (Doc. Nos. 197, 199.)  Defendant Hormozi, who had been on pretrial release throughout the proceedings up until trial, was remanded into custody upon the motion of the government following the return of the verdict.  (Doc. No. 197.)  On February 18, 2020, the court sentenced him to 126 months in the custody of the U.S. Bureau of Prisons ("BOP"), to be followed by a 36-month term of supervised release.  (Doc. Nos. 220, 224.)  The court also imposed a $300 special assessment.  (*Id*.)  On October 28, 2020, the Ninth Circuit Court of Appeals summarily affirmed the judgment of conviction on appeal.  (Doc. No. 287.)

On June 11, 2021, defendant Hormozi filed a motion to reduce his sentence, which the court denied on August 10, 2021.  (Doc. Nos. 319, 332.)  On December 27, 2021, he filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. No. 339)[3], and on February 11, 2022, he filed a motion for reconsideration of the court's August 10, 2021 order denying his motion to reduce his sentence (Doc. No. 345).[4]

On October 15, 2024, defendant Hormozi filed the now-pending amended motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), which superseded his *pro se* motion and his previous motion for reconsideration.  (Doc. No. 413.)  Therein, defendant Hormozi argues

---

[2]  Only defendants Hormozi and Attaway were charged in Count 4 and prior to trial the government dismissed that count as to defendant Hormozi.

[3]  Defendant Hormozi's motion brought pursuant to 18 U.S.C. § 2255 will be addressed by separate order, if necessary.

[4]  On August 24, 2022, this case was reassigned from the undersigned to the then recently appointed District Judge Ana de Alba.  (Doc. No. 372.)  On April 15, 2024, following the elevation of Judge de Alba to the Ninth Circuit Court of Appeals, this case was reassigned back to the undersigned.  (Doc. Nos. 402, 404.)

that a combination of "extraordinary and compelling" reasons now support the reduction of his

sentence to one of time served.  (*Id.*)  Defendant Hormozi points to the following circumstances

in seeking the requested relief:  (1) he is needed by his family to help care for his 92-year-old

mother who is in hospice care with a terminal diagnosis; (2) under U.S.S.G. Amendment 821,

issued after his sentencing, he would not receive status points for having committed the offenses

of conviction while under a criminal justice sentence which would have reduced his criminal

history category from III to II and (with an applicable offense level of 36) his sentencing

guideline range from 235–240 months imprisonment to 210–240 months and which (although not

entitling him to relief pursuant to the amendment due to his below guideline sentence) may have

caused the court to impose a lesser sentence than the 126-month sentence imposed; and (3) his

good conduct since he began serving his sentence on October 31, 2019 and his efforts toward

rehabilitation in combination with the other two circumstances justify a reduction of his sentence

to one of time served.  (*Id.*)

The government filed its opposition to defendant's motion on November 15, 2024.  (Doc.

No. 414.)  Counsel on behalf of defendant Hormozi filed a reply (Doc. No. 415) and two

supplemental submissions including a letter addressing his mother's current condition (Doc. Nos.

416, 419).

Defendant Hormozi is currently serving his sentence at the BOP's FCI Atlanta Low and

his projected release date is reported to be August 18, 2027.  Thus, as of the date of this order he

has served approximately 66.5 months of his sentence, with approximately 27 months left to

serve before his projected release date.

**LEGAL STANDARD**

A court generally "may not modify a term of imprisonment once it has been imposed."  18

U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of

conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not

be modified by a district court except in limited circumstances.").  Those limited circumstances

include compassionate release in extraordinary cases.  *See United States v. Holden*, 452 F. Supp.

3d 964, 968 (D. Or. 2020).  Prior to the enactment of the First Step Act of 2018 ("the FSA"),

3

1   motions for compassionate release could only be filed by the BOP.  18 U.S.C. § 3582(c)(1)(A)

2   (2002).  Under the FSA, however, imprisoned defendants may now bring their own motions for

3   compassionate release in the district court.  18 U.S.C. § 3582(c)(1)(A) (2018).  In this regard, the

4   FSA specifically provides that a court may:

5             upon motion of the defendant after the defendant has fully exhausted
            all administrative rights to appeal a failure of the [BOP] to bring a
6             motion on the defendant's behalf[5] or the lapse of 30 days from the
            receipt of such a request by the warden of the defendant's facility,
7             whichever is earlier, may reduce the term of imprisonment (and may
            impose a term of probation or supervised release with or without
8             conditions that does not exceed the unserved portion of the original
            term of imprisonment), after considering the factors set forth in [18
9             U.S.C. §] 3553(a) to the extent that they are applicable, if it finds
            that–
10
            (i)    extraordinary and compelling reasons warrant such a
11                    reduction; or

12            (ii)   the defendant is at least 70 years of age, has served at least 30
                    years in prison, pursuant to a sentence imposed under section
13                    3559(c), for the offense or offenses for which the defendant
                    is currently imprisoned, and a determination has been made
14                    by the Director of the [BOP] that the defendant is not a danger
                    to the safety of any other person or the community, as
15                    provided under section 3142(g);

16            and that such a reduction is consistent with applicable policy
            statements issued by the Sentencing Commission[.]
17

18   18 U.S.C. § 3582(c)(1)(A)(i) and (ii).[6]

19        A reduction in sentence "must be consistent with the factors set forth in 18 U.S.C.

20   § 3553(a) and any applicable Sentencing Commission policy statement."  *United States v.*

21

22   [5]  If the BOP denies a defendant's request within 30 days of receipt of such a request, the
    defendant must appeal that denial to the BOP's "Regional Director within 20 calendar days of the
23   date the Warden signed the response."  28 C.F.R. § 542.15(a).  If the Regional Director denies a
    defendant's administrative appeal, the defendant must appeal again to the BOP's "General
24   Counsel within 30 calendar days of the date the Regional Director signed."  *Id.*  "Appeal to the
    General Counsel is the final administrative appeal."  *Id.*  When the final administrative appeal is
25   resolved, a defendant has "fully exhausted all administrative rights."  *See* 18 U.S.C.
    § 3582(c)(1)(A).
26

27   [6]  Under 18 U.S.C. § 3624(c)(2), the BOP may release an incarcerated defendant to home
    confinement "for the shorter of 10 percent of the term of imprisonment of that prisoner or 6
28   months."

4

*Gerrans*, No. 23-3822, 2024 WL 4814876, at *1 (9th Cir. Nov. 18, 2024).[7]  "The U.S. Sentencing Commission issued a policy statement for reduction of a sentence under § 3582(c)(1)(A)(i) in its November 1, 2023 Guidelines Manual."  *United States v. Simpson*, No. 3:97-cr-02903-BTM, 2024 WL 5193853, at *2 (S.D. Cal. Dec. 19, 2024).  The policy statement provides that a court may reduce a sentence after considering the § 3553(a) factors if it finds that (1) "extraordinary and compelling reasons warrant the reduction," (2) "the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g)," and (3) "the reduction is consistent with this policy statement."  U.S.S.G. § 1B1.13(a).

The policy statement further addresses "what qualifies as 'extraordinary and compelling reasons' to release a defendant from BOP custody."  *United States of America v. Quentin Jackson*, No. 1:06-cr-00134-JLT-1, 2025 WL 1255131, at *3 (E.D. Cal. Mar. 31, 2025) (citing U.S.S.G. § 1B1.13); *see also United States v. Inchaurregui*, Case No. 22-cr-02528-BAS-2, 2023 WL 7926797, at *2 (S.D. Cal. Nov. 16, 2023) ("The Sentencing Commission has recently provided definitions of extraordinary and compelling reasons . . . .").  These extraordinary and compelling reasons are:  (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) defendant as victim of abuse; (5) other reasons presented by defendant alone or in combination with the foregoing reasons, of similar gravity to the foregoing reasons; and (6) defendant's unusually long sentence.  *Id.*; *see also United States v. Fernandez*, No. 5:13-cr-00527-EJD-1, 2025 WL 943136, at *1 (N.D. Cal. Mar. 18, 2025) ("The Sentencing Commission's policy statement regarding compassionate release is set forth in U.S.S.G. § 1B1.13.  The statement provides six general circumstances that may constitute an extraordinary and compelling reason for compassionate release . . . .").

"Under § 1B1.13(b)(5), the court retains substantial discretion to determine what constitutes extraordinary and compelling reasons."  *United States v. Gaitan-Ayala*, No. 07-cr-00268-JMS-1, 2024 WL 3316295, at *2, n.3 (D. Haw. July 5, 2024) (citing cases); *see also United States v. Evans*, 759 F.Supp.3d 1247, 1267 (S.D. Fla. Dec. 10, 2024) (recognizing that

---

[7] Citation to this and other unpublished Ninth Circuit opinions in this order is appropriate pursuant to Ninth Circuit Rule 36-3(b).

"[t]hus, in drafting § 1B1.13(b)(5), the Commission's express aim was to purposefully empower judges to exercise broad discretion, and decide on a case-by-case basis whether the catch-all provision should be applied to a particular sentence") (citing cases); *United States v. Evans*, No. 15-cr-00462-JKB, 2025 WL 1347054, at *3 (D. Md. May 8, 2025) ("This 'catchall' provision 'maintains the broad discretion conferred on district courts to consider a wide array of extraordinary and compelling justifications for release.'").  However, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement," but it "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted."  U.S.S.G. § 1B1.13(d).

In the past, when moving for relief under 18 U.S.C. § 3582(c), it was recognized that the defendant bore the initial burden of demonstrating that a sentence reduction was warranted.  *See United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998).  Likewise, the defendant bears the burden of "establish[ing] his eligibility for compassionate release."  *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022); *see also United States v. Greenhut*, No. 2:18-cr-00048-CAS, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020); *United States v. Van Sickle*, No. 18-cr-00250-JLR, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020).

## ANALYSIS

As district courts have summarized, in analyzing whether a defendant is entitled to compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), the court must determine whether a defendant has satisfied three requirements:

> First, as a threshold matter, the statute requires defendants to exhaust administrative remedies.  18 U.S.C. § 3582(c)(1)(A).  Second, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *Id.*  Third, the district court must also consider "the factors set forth in section 3553(a) to the extent that they are applicable."  *Id.*

*United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019); *see also United States v. Ramirez-Suarez*, 16-cr-00124-LHK-4, 2020 WL 3869181, at *2 (N.D. Cal. July 9, 2020); *Parker*,

6

461 F. Supp. 3d 966, 973–74 (C.D. Cal. 2020); *United States v. Trent*, No. 16-cr-00178-CRB-1, 2020 WL 1812242, at *2 (N.D. Cal. Apr. 9, 2020) (noting that as to the third factor, under 18 U.S.C. § 3582(c)(1)(A) release must be "consistent with" the sentencing factors set forth in § 3553(a)).

### A.    Administrative Exhaustion

In this case it is undisputed that defendant Hormozi has satisfied the exhaustion requirement imposed by 18 U.S.C. § 3582(c)(1).  (Doc. No. 414 at 5.)

### B.    Extraordinary and Compelling Reasons

As stated, "extraordinary and compelling reasons" warranting compassionate release may exist based on a defendant's medical conditions, age and other related factors, family circumstances, victimization, unusually long sentence, or "other reasons."  U.S.S.G. § 1B1.13(b)(1)–(6).  As noted above, defendant Hormozi argues in the pending motion that his compassionate release is warranted based upon extraordinary and compelling reasons including that he is needed by his family to help care for his 92-year-old mother, for whom he cared during his pretrial release in this case, and who is now in hospice care with a terminal diagnosis; that under U.S.S.G. Amendment 821 his criminal history category and advisory sentencing guideline range would have been lower; and his good conduct while in custody as well as his significant post-offense rehabilitation efforts.  (Doc. Nos. 413, 415, 416.)

The government opposes the pending motion, arguing that the circumstances defendant bases his motion upon are not extraordinary and compelling and, even if they were, consideration of 18 U.S.C. § 3553(a) weighs against the granting of relief.  (Doc. No. 414.)  Specifically, the government argues that the unfortunate circumstances regarding the failing of health of defendant's mother do not support the granting of relief because there has been no showing that his family is unable to provide care for his mother in his absence.[8]  (*Id*. at 6.)  The government also notes that in light of the significant downward departure and downward variance below the

---

[8]  The court would also note that it was aware of these circumstances at the time of defendant's Hormozi's sentencing because he had been caring for his mother throughout the pendency of this case.

1    applicable guideline range he received at the time of his original sentencing, defendant Hormozi

2    concedes that he is not eligible for relief under Amendment 821.  Next, while noting a

3    disciplinary sanction received by defendant Hormozi while in BOP custody, the government

4    correctly observes that rehabilitation alone is not an extraordinary and compelling reason under

5    U.S.S.G. § 1B1.13.  (*Id*. at 7.)  Each of the government's arguments are well-taken at least to

6    some degree.

7           This is now the third occasion the court has considered the sentence imposed in defendant

8    Hormozi's case.  At his sentencing hearing on April 10, 2020, the court fully acknowledged that

9    his case was unusual and difficult.  (See Doc. No. 237.)  The court granted the government's

10   motion and downward departed from the advisory sentencing guideline range.  In addition, the

11   court varied downward from the guideline range, approximately 27 months further downward

12   than the variance recommended by the presentence report.  The court did so based upon

13   defendant Hormozi's history and characteristics, including his role as a broker in the

14   methamphetamine transactions, his mental health issues, trauma experienced in his life,

15   addictions (alcohol and gambling), lack of education, post-offense rehabilitation including

16   approximately four years of unblemished performance under pretrial supervision, his overstated

17   criminal history, the fact that this was his first sentence of confinement, and his family

18   circumstances which would create a hardship in his absence.  (*Id*.)  The amount of

19   methamphetamine involved in defendant's very serious crimes of conviction were the driving

20   factor in the advisory sentencing guideline calculation.  Ultimately, the court felt compelled to

21   reject the defense argument for a credit for time served sentence in light of the serious nature of

22   his crimes.  (*Id*.)  In August of 2021, the undersigned revisited the 126-month sentence imposed

23   upon defendant Hormozi in responding to his motion for compassionate release which was based

24   in significant part upon the risks posed to him from the COVID-19 pandemic during his

25   imprisonment.  (Doc. No. 332 at 7–16.)  The undersigned denied that motion finding both that

26   extraordinary and compelling reasons were absent and that a reduction of the sentence "at this

27   time" would be inconsistent with the sentencing factors set forth in 18 U.S.C. § 3553(a), while

28   noting that defendant Hormozi had then served only 23 months of his sentence.

1        Once again, the court is considering the sentence it imposed in October of 2019.  The

2   court is not persuaded that the caretaking needs of defendant's terminally ill mother plays a

3   significant role in determining whether extraordinary and compelling circumstances exist.  While

4   the court has sympathy for defendant's family due to these circumstances, it was a circumstance

5   that the court was aware of and took fully into account in initially imposing a sentence far below

6   the advisory guideline range.  As to Amendment 821, the court varied downward originally based

7   upon its finding that defendant's criminal history category was overstated.  Nonetheless, the court

8   does acknowledge that the extent of the downward variance may well have been impacted to a

9   small degree had the criminal history category at the time been II instead of III.  The court did

10  acknowledge defendant's post offense rehabilitation while on pretrial supervision in varying

11  downward at the time of the original sentencing.  However, it does appear to be the case that

12  defendant has continued in his rehabilitative efforts while in BOP custody.  The court does not

13  view his two minor infractions reflected in his BOP disciplinary record as calling that conclusion

14  into question.  The court observes that defendant Hormozi did serve a significant percentage of

15  his sentence during the COVID-19 pandemic and that time served during that period was

16  undeniably much harder.  Finally, he has served his time at BOP institutions far away from his

17  family and during that time there have been both illnesses and deaths in his family.  When the

18  court denied his motion for compassionate release in August of 2021, defendant Hormozi had

19  only served 23 months of his 126-month sentence.  Today, his projected release date is but

20  approximately 27 months away.

21       Considering all of these circumstances in combination, the court concludes that

22  extraordinary and compelling circumstances now exist justifying a slight reduction in the original

23  sentence imposed in this case to a sentence of 120 months.

24  /////

25  /////

26  /////

27  /////

28  /////

9

1    **C.    § 3553 and Other Relevant Factors**

2    Any relief to be granted pursuant to 18 U.S.C. § 3582(c)(1)(A) must be consistent with

3    consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a).[9]  *See Parker*, 461 F.

4    Supp. 3d at 979.  The government focuses on the seriousness of defendant's offenses of

5    conviction in contending that consideration of the § 3553(a) factors do not support the granting of

6    the requested relief.  (Doc. No. 414 at 8–9.)

7    Given the modest six-month reduction of sentence to be granted, as opposed to the time

8    served sentence reduction requested, the court finds that a 120-month sentence is completely

9    consistent with the sentencing factors set forth at 18 U.S. § 3553(a).  The court notes that it both

10    departed downward and varied downward in imposing the original sentence after considering the

11    § 3553(a) factors.  The modest reduction in sentence imposed by this order does not impact that

12    § 3553(a) calculus.

13    **CONCLUSION**

14    For the reasons discussed above:

15    1)  Defendant Hormozi's Motion for Reduction in Sentence (Doc. No. 413) is GRANTED

16    in part;

17    2)  Defendant's sentences on Counts 1, 2, and 3 are reduced to a sentence of 120 months

18    as to each of those counts with those terms to be served concurrently.  The aggregate

19    36-month term of supervised release previously imposed remains in place as do all the

20    /////

21

22    [9]  Title 18 U.S.C. § 3553(a) provides that, in determining the sentence to be imposed, the court
23    shall consider:  the nature and circumstances of the offense and the history and characteristics of
the defendant; the need for the sentence imposed to reflect the seriousness of the offense, promote
24    respect for the law, provide just punishment for the offense, afford adequate deterrence, protect
the public from further crimes of the defendant and provide the defendant with needed
25    educational or vocational training, medical care, or other correctional treatment in the most
effective manner; the kinds of sentences available; the kinds of sentence and the sentencing range
26    established for the applicable category of offense committed by the applicable category of
defendant as set forth in the guidelines; any pertinent policy statement issued by the Sentencing
27    Commission; the need to avoid unwarranted sentence disparities among defendants with similar
records who have been found guilty of similar conduct; and the need to provide restitution to any
28    victims of the offense.

10

conditions of supervised release imposed at the time of defendant's original sentencing as set out in the original judgment (Doc. No. 224.);

3) An amended judgment will issue; and

4) Within thirty (30) days of the date of this order defendant shall advise the court whether, following this order, he is withdrawing his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. No. 339), or continues to pursue relief pursuant to that motion.

IT IS SO ORDERED.

Dated:   **May 20, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE